UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN WALSH, III,** | : | **Civil No. 3:16-CV-1722** |
| | : | |
| **Plaintiff,** | : | **(Judge Mannion)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **ROBERT WALACE, ESQ.,** | : | |
| | : | |
| **Defendants** | : | |

**REPORT AND RECOMMENDATION**

## I.      Statement of Facts and of the Case

The plaintiff, John Walsh is a frequent, albeit frequently unsuccessful, *pro se*

litigant. Indeed, Walsh is the author of more than 30 quixotic *pro se* lawsuits filed

with this court during the past several years.[1] These lawsuits are often varied in their

---

[1]A partial list of these frivolous filings includes the following civil actions filed within the past year: 3:15-CV-1103,Walsh v. Walsh et al filed 06/05/15 closed 08/13/15;3:15-cv-02012-ARC Walsh v. Walsh et al filed 10/16/15 closed 11/12/15 3:15-cv-02122-RDM Walsh v. Summers et al filed 11/05/15 closed 02/11/16 3:15-cv-02313-MEM Walsh v. Corbett filed 12/02/15 closed 12/02/15 3:15-mc-00452-RDM Walsh v. Verrilli filed 10/05/15 closed 07/26/16 3:16-cv-00503-RDM Walsh v. DeNaples et al filed 03/24/16 closed 05/17/16 3:16-cv-00834-ARC Walsh v. Greater Scranton Young Mens Christian Association et al filed 05/10/16 closed 05/20/16 3:16-cv-00872-RPC Walsh v. Rite Aid et al filed 05/13/16 closed 07/20/16 3:16-cv-00950-ARC Walsh v. Munley filed 05/20/16 closed 06/21/16 3:16-cv-00998-RPC Walsh v. Bambera, et al filed 05/26/16 closed 06/17/16 3:16-cv-01234-NQA Walsh v. Conaboy et al filed 06/22/16 closed 07/12/16 3:16-cv-01429-EMK Walsh v. Conaboy et al filed 07/13/16 closed

form, and eccentric in their content. However, in many instances Walsh's lawsuits are

little more than odd polemics reflecting random observations on life by Walsh,

polemics which masquerade as litigation. This penchant for polemics on Walsh's part

has an unfortunate consequence. It often impedes the plaintiff's efforts to seek redress

in the courts since Walsh's rhetorical excesses are frequently obstacles to addressing

his underlying disputes.

So it is in this case. Walsh has filed a *pro se in forma pauperis* complaint which

alleges that the plaintiff sought a permit to engage in a protest on county court

property in Scranton, but was denied this permit because he had failed to secure

necessary liability insurance. Characterizing this decision as a violation of his First

---

07/25/16 3:16-cv-01430-EMK Walsh v Wilding, et al filed 07/11/16 closed
08/02/16 3:16-cv-01440-EMK Walsh v. Pascal et al filed 07/13/16 closed 07/25/16
3:16-cv-01460-EMK Walsh v. Alejandro filed 07/18/16 closed 07/27/16 3:16-cv-
01462-EMK Walsh v. Stark, 3:16-cv-01112-ARC Walsh v. Cardonick et al filed
06/10/16 closed 07/08/16 3:16-cv-01223-EMK Walsh v. Deleeum filed 06/21/16
closed 07/20/16 3:16-cv-01269-NQA Walsh v. Mariani et al filed 06/23/16 closed
07/12/16 3:16-cv-01422-EMK Walsh v. Saporito et al filed 07/08/16 closed
08/09/16 3:16-cv-01445-EMK Walsh v. McKee et al filed 07/13/16 closed
07/25/16 3:16-cv-01452-EMK Walsh v. The Lynett Family filed 07/14/16 closed
07/27/16 3:16-cv-01472-EMK Walsh v. Harhut et al filed 07/19/16 closed
07/22/16 3:16-cv-01494-EMK Walsh v. Barrasse et al filed 07/20/16 closed
07/28/16 3:16-cv-01495-EMK Walsh v. American Water et al filed 07/21/16
closed 07/29/16 3:16-cv-01498-EMK Walsh v. Fuentes et al filed 07/21/16 closed
07/29/16 3:16-cv-01560-SHR Walsh v. Brazil et al filed 07/27/16 closed 08/01/16.

Amendment rights, Walsh has sued eight individual and institutional defendants, including a state court judge, and several attorneys, demanding injunctive and declaratory relief, along with $10,000,000 in damages. (Doc. 1.)

From this broadly stated legal premise, Walsh's complaint descends into factual chaos. While Walsh lists numerous individual defendants, his complaint is largely bereft of any facts explaining how these defendants are involved in this dispute. Indeed, in a number of instances defendants are named in the caption of the case, but not mentioned in the body of the complaint. Further, at least one defendant, a state court judge, has no discernable involvement in the matters set forth in the complaint and is immune from civil liability. Moreover, Walsh's complaint regrettably and repeatedly substitutes personal invective for factual recitals, and engages in a series of inappropriate ad hominem attacks upon the listed defendants.

Along with this complaint the plaintiff has filed a motion for leave to proceed *in forma pauperis*, (Doc. 2), which we will grant. However, having carefully reviewed this complaint, we conclude that the pleading fails to state a claim upon which relief can be granted. Accordingly, for the reasons set forth below, it is recommended that the complaint be dismissed.

**II.     Discussion**

    **A.     Legal Standards Governing Sufficiency of Civil Complaints**

This Court has a statutory obligation to conduct a preliminary review of *pro se*

complaints brought by plaintiffs given leave to proceed *in forma pauperis*. See 28

U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se*

complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6)

of the Federal Rules of Civil Procedure provides that a complaint should be dismissed

for "failure to state a claim upon which relief can be granted."   Fed. R. Civ. P.

12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. §

1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the

court determines that . . . the action . . . fails to state a claim upon which relief may be

granted. This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules

of Civil Procedure, which provides that a complaint should be dismissed for "failure

to state a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint,

the United States Court of Appeals for the Third Circuit has aptly noted the evolving

standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in
> recent years. Beginning with the Supreme Court's opinion in <u>Bell
> Atlantic Corp. v. Twombly,</u> 550 U.S. 544 (2007) continuing with our
> opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir.

2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a p[arty] to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff.  Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... p[arty] can prove facts that the ... p[arty] has not alleged."  Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a party must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do."  Id. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of <u>Twombly</u>, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u> at 679.

Thus, following <u>Twombly</u> and <u>Iqbal</u> a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations sufficient to raise the party's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

[A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the . . .  well-pleaded facts as true, but may disregard any legal  conclusions.  Second, a District Court must then determine whether the facts alleged . . .  are sufficient to  show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the p[arty's] entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a p[arty] must plead to state a claim.' Iqbal, 129 S.Ct. at 1947.  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

(a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the

pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

In this regard, one of the basic requisites for a civil complaint is that it must recites some essential facts tying the defendants to some alleged misconduct. This fundamental requirement is driven both by matters of principle, and by pragmatic considerations. As a matter of principle and practice, a basic factual recital is essential in a complaint because it is simply impossible without such averments to properly assign individual responsibility to a particular defendant without some factual description of what has transpired. Therefore, it is incumbent upon a plaintiff to describe who he seeks to sue, and what these parties did that violated the plaintiff's rights. When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims. See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint);  Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010);  Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties

[the plaintiff] seeks to sue"); <u>Oneal v. U.S. Fed. Prob.</u>, CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); <u>Gearhart v. City of Philadelphia Police</u>, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) dismissing illegible complaint). Further, in order to satisfy the strictures of Rule 8, a complaint must also contain a coherent prayer for relief, demanding relief from a defendant that lies within the power of the defendant to provide.  <u>See Klein v. Pike Cnty. Comm'rs</u>, CIV.A. 11-278, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011)(failure to articulate a prayer for relief compels dismissal); <u>Snyder v. Snyder</u>, 4:12-CV-105, 2012 WL 512003 (M.D. Pa. Jan. 24, 2012) <u>report and recommendation adopted,</u> 4:12-CV-105, 2012 WL 511993 (M.D. Pa. Feb. 15, 2012)(same).

Judged against these legal benchmarks, for the reasons set forth below, Walsh's complaint, as currently pleaded,  is fatally flawed and should be dismissed.

### B.     The Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted.

Applying these legal benchmarks, we find that in this case the plaintiffs' *pro se* complaint in its present form is subject to dismissal for failure to state a claim upon which relief can be granted. Indeed, the initial review of the plaintiff's complaint has identified the following fatal deficiencies in this pleading.

First, Walsh's complaint violates the basic rule of pleading which requires that

"a District Court . . . determine whether the facts alleged in the complaint are

sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words,

a complaint must do more than allege the plaintiff's entitlement to relief. A complaint

has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 210-11.  In

addition, dismissal of this complaint is also warranted because the complaint fails to

comply with Rule 8's basic injunction that: "A pleading that states a claim for relief

must contain . . . a short and plain statement of the claim showing that the pleader is

entitled to relief."

Dismissal of this complaint is appropriate for several reasons. At the outset, it

is well-settled that: "[t]he  Federal Rules of Civil Procedure require that a complaint

contain 'a short and plain statement of the claim showing that the pleader is entitled

to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed.

R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007).

Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint

"is also largely unintelligible," Stephanatos v. Cohen,  236 F. App'x 785, 787 (3d Cir.

2007), an order dismissing a complaint under Rule 8  is clearly appropriate.  See, e.g.,

Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior

Court, 260 F. App'x 513 (3d Cir. 2008);  Stephanatos v. Cohen. supra;  Scibelli v.

Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n.1

(5th Cir. 2005). Furthermore, dismissal under Rule 8 is proper when a complaint "left

the defendants having to guess what of the many things discussed constituted [a cause

of action]," Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011),

or when the complaint is so "rambling and unclear" as to defy response. Tillio v.

Spiess, No. 11-1276, 2011 WL 3346787 (Aug. 4, 2011).

Here, with respect to many of the defendants named in this complaint Walsh's

pleadings fail to satisfy these basic minimal pleading standards. In a case such as this

where these pleadings would leave "the defendants having to guess what of the many

things discussed constituted [a cause of action];" Binsack v. Lackawanna County

Prison, 438 F. App'x 158 (3d Cir. 2011), dismissal of this complaint is fully

warranted. In particular, Walsh's curious pleading style of naming certain defendants

in the caption of the case, but not describing their conduct in the body of his pleading,

and instead simply attaching exhibits to the complaint in the apparent hope that we

will be able to ferret out the elements of a cause of action against these defendants, is

legally insufficient to state a claim. See Walthour v. Child & Youth Servs., 728 F.

Supp. 2d 628, 636 (E.D. Pa. 2010)(dismissing claims against defendants only

identified in exhibits attached to complaint). This cursory style of pleading is plainly

inadequate to state a claim against the individual defendants and compels dismissal

of these defendants. Hudson v. City of McKeesport, 244 F. App'x 519 (3d Cir. 2007)(affirming dismissal of defendant who was only named in caption of case.)**2**

Walsh then couples this regrettable shortcoming with another fundamental flaw by engaging in unnecessary, inappropriate ad hominem attacks. It is well-settled that: " '[p]ersonal attacks ... are never appropriate in any court filing,' Lewis v. Delp Family Powder Coatings, Inc., CIV.A 08–1365, 2010 WL 3672240 (W.D.Pa. Sept.15, 2010)." Dougherty v. Advanced Wings, LLC, No. 1:13-CV-447, 2013 WL 4041589, at *3 (M.D. Pa. Aug. 7, 2013). Walsh is admonished that, "the routine use of personal invective, acerbic asides, caustic commentaries, disgruntled digressions, and ad hominem observations" will not be permitted by the Court and will result in pleadings being stricken by the court. Id.

These shortcomings are particularly acute in the instant case since Walsh's pleadings, while opaque, seem to contain information which actually tends to rebut his First Amendment claim. Walsh's complaint alleges that the plaintiff sought a permit to engage in a protest on county court property in Scranton, but was denied this permit because he had failed to secure necessary liability insurance. While Walsh

---

[2]In the first instance Rule 8 dismissals are often entered without prejudice to allowing the litigant the opportunity to amend and cure any defects. See, e.g., Rhett v. New Jersey State Superior Court, 260 F.App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra.

casts this decision to require liability insurance as a First Amendment violation, he should understand that narrowly-tailored and content neutral insurance requirements relating to the use of public forums may not offend the Constitution. See iMatter Utah v. Njord, 980 F. Supp. 2d 1356, 1370 (D. Utah 2013), aff'd, 774 F.3d 1258 (10th Cir. 2014)(collecting cases discussing insurance requirements and the First Amendment). Because of the other threshold flaws in his current complaint, we need not reach this constitutional question at present. However, should Walsh elect to attempt to amend his complaint to comply with Rule 8 he may also wish to take into consideration the state of the law in this field.

In addition, to the extent that the plaintiff seeks in his complaint to hold a state judge  personally liable for civil rights violations, it is well-settled that these judicial officers  are individually cloaked with immunity from liability. The United States Supreme Court has long recognized that those officials performing judicial, quasi-judicial, and prosecutorial functions in our adversarial system must be entitled to some measure of protection from personal liability for acts taken in their official capacities. In order to provide this degree of protection from liability for judicial officials, the courts have held that judges, Mireless v. Waco, 502 U.S. 9, 13 (1991); prosecutors, Imbler v. Pachtman, 424 U.S. 409, 427 (1976); and those who perform adjudicative functions, Imbler, 424 U.S. at 423 n.20  (grand jurors); Harper v. Jeffries, 808 F.2d

281, 284 (3d Cir. 1986)(parole board adjudicators); are entitled to immunity from

personal liability for actions they take in our adversarial system of justice. In this

regard, the broad scope of this immunity was clearly articulated by this court in the

following terms:

> "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.' " Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir.2000) (quoting Mireles v. Waco, 502 U.S. 9, 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam), and citing Randall v. Brigham, 74 U.S. (7 Wall.) 523, 536, 19 L.Ed. 285 (1868)). "The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." Id. (citations omitted). Therefore, "[a] judge is absolutely immune from liability for his [or her] judicial acts even if his [or her] exercise of authority is flawed by the commission of grave procedural errors," Stump v. Sparkman, 435 U.S. 349, 359, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), and "[j]udicial immunity cannot be overcome by allegations of bad faith or malice" Goldhaber v. Higgins, 576 F.Supp.2d 694, 703 (W.D.Pa.2007). Such immunity can be overcome only where a judge's acts are nonjudicial in nature, or where such actions, while judicial in nature, are "taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 12.

Catanzaro v. Collins, CIV. A. 09-922, 2010 WL 1754765 (M.D. Pa. Apr. 27, 2010)
aff'd, 447 F. App'x 397 (3d Cir. 2011).

This longstanding immunity applies here and recognizes that state judges are

generally recognized to be entitled to absolute immunity from civil rights liability for

actions which they take as judges in state court litigation. See e.g., Mayercheck v.

Judges of the Pennsylvania Supreme Court, No. CIV.A. 08-1112, 2009 WL 2524755,

at *1 (W.D. Pa. Aug. 17, 2009), aff'd sub nom. Mayercheck v. Judges of Pennsylvania

Supreme Court, 395 F. App'x 839 (3d Cir. 2010). Here, Walsh allegations regarding

Judge Barrasse relate to rulings made by the judge. (Doc. 1, ¶2.) Such rulings do not

provide a basis for civil liability by a judicial officer. Therefore, Judge Barrasse is

cloaked in absolute immunity from liability for his judicial acts and should be

dismissed from this lawsuit.

Finally, Walsh's factually unsupported demand for $10,000,000 in unliquidated

damages is improper. Rule 12(f) of the Federal Rules of Civil Procedure imposes a

duty on the Court to review pleadings and provides that the Court may upon its own

initiative at any time order stricken from any pleading any immaterial matter. Fed. R.

Civ. P. 12(f).  Decisions regarding whether claims may be stricken from a complaint

are properly presented to a United States Magistrate Judge for determination in the

first instance. Singh v. Superintending School Committee of the City of Portland, 593

F. Supp. 1315 (D. Me. 1984). In this case, the plaintiff's claim for a specified amount

of unliquidated damages, $10,000,000, violates Local Rule 8.1 which provides, in

part, that: " The demand for judgment required in any pleading in any civil action

pursuant to Fed.R.Civ.P. 8(a)(3) may set forth generally that the party claiming

damages is entitled to monetary relief *but shall not claim any specific sum where*

*unliquidated damages are involved.* The short plain statement of jurisdiction, required

by Fed.R. Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction

of the court but no other." Local Rule 8.1 (emphasis added). Since this prayer for relief violates Local Rule 8.1 by specifying a particular amount of unliquidated damages, it is further recommended that this specific dollar claim be stricken from the complaint.

While this complaint is flawed on several scores, as described above, we recognize that *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, the plaintiff's complaint fails on multiple scores. Nonetheless, out of an abundance of caution, and in order to preserve the plaintiff's rights, it is recommended that this complaint be dismissed without prejudice to the plaintiff attempting to amend this federal complaint to state a claim upon which relief may be granted in federal court, by including proper allegations against appropriate party-defendants that meet the requirements of federal law, provided that the plaintiff acts promptly.

## III.    Recommendation

Accordingly, for the foregoing reasons, the plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED but IT IS RECOMMENDED that

the complaint be dismissed for the failure to state a claim upon which relief can be granted without prejudice to the plaintiff attempting to correct the defects cited in this Report and Recommendation, provided the plaintiff acts within 21 days of any dismissal order.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 19th day of August, 2016.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge