# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN WALSH, III** : | |
|  : | **CIVIL ACTION NO. 3:16-1722** |
| **Plaintiff** : | |
|  : | **(Mannion, D.J.)** |
| v. : | **(Carlson, M.J.)** |
|  : | |
| **ROBERT WALACE, ESQ.,** : | |
| et al., | |
|  : | |
| **Defendants** | |

# O R D E R

Based on the report of Judge Carlson, (Doc. 3), to which no objections have been filed, **IT IS HEREBY ORDERED THAT** the report is **ADOPTED IN ITS ENTIRETY**.[1] Plaintiff's complaint, (Doc. 1), is **DISMISSED WITHOUT PREJUDICE**. *See* Roy v. Supreme Court of U.S., 484 F.App'x 700, 700 (3d Cir. 2012) (dismissal under Rule 8 is justified if the complaint is not

---

[1] As Judge Carlson finds, Walsh fails to allege how the denial of a permit to protest on Lackawanna County Court property due to his failure to obtain required liability insurance is a violation of his First Amendment rights. As Judge Carlson points out, (Doc. 3, at 13), "narrowly-tailored and content neutral insurance requirements relating to the use of public forums may not offend the Constitution." (citing iMatter Utah v. Njord, 980 F. Supp. 2d 1356, 1370 (D.Utah 2013), *aff'd*, 774 F.3d 1258 (10th Cir. 2014).

Moreover, as Judge Carlson finds, Judge Michael Barrasse is protected by absolute immunity for all judicial acts except those made in the clear absence of jurisdiction. Cleavinger v. Saxner, 474 U.S. 193, 199, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985); Stump v. Sparkman, 435 U.S. 349, 356–67, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Clark v. Conahan, 737 F.Supp.2d 239, 255-256 (M.D.Pa. 2010). "Judicial immunity provides complete immunity from suit, not merely from an ultimate assessment of damages." Smith v. Laster, 787 F.Supp.2d at 319 (citing Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)).

comprehensible). Leave to amend is **GRANTED** and plaintiff is directed to file an amended complaint as specified in Judge Carlson's report within 21 days of the date of this Order.[2] The clerk of court is directed to recommit this case to Judge Carlson for further proceedings.

        s/ *Malachy E. Mannion*
        **MALACHY E. MANNION**
        **United States District Judge**

**Date: September 12, 2016**

O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2016 ORDERS\16-1722-01.wpd

---

[2]Insofar as Walsh filed an addendum to his complaint to add the City of Scranton as a defendant and to add more violations of his rights under the Fourth and Fourteenth Amendments, (Doc. 4), this addendum must be incorporated in any amended complaint that Walsh files. Also, Walsh is advised that any constitutional claims against municipal defendants must comport with Monell v. Dept. of Soc. Servs., New York City, 436 U.S. 658, 694–95, 98 S.Ct. 2018 (1978). *See* Carswell v. Bor. of Homestead, 381 F.3d 235, 244 (3d Cir. 2004).