**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN WALSH, III** : | |
| : | **CIVIL ACTION NO. 3:16-1722** |
| **Plaintiff** : | |
| : | **(Mannion, D.J.)** |
| v. : | **(Carlson, M.J.)** |
| : | |
| **ROBERT WALACE, ESQ.,** : | |
| et al., | |
| : | |
| **Defendants** | |

## MEMORANDUM

Pending before the court is the report of United States Magistrate Judge Martin Carlson, which recommends that the court exercise its discretion and dismiss the instant *pro se* action with prejudice due to plaintiff's failure to timely file his amended complaint as directed by the court. (Doc. 6). Plaintiff John Walsh filed two documents in response. (Doc. 7, Doc. 8). Neither document constitutes proper objections to the report nor could they be construed as an amended complaint.[1]

The Doc. 7 filing is not addressed to this court and does not relate to Judge Carlson's report. Rather, it is a proposed settlement offer to an attorney for Lackawanna County and the City of Scranton to resolve the homelessness issue in the county and city by paying $10,000,000 for the next five years to send the homeless to Florida for the winter and to an operating farm in this

---

[1]The clerk of court, *sua sponte*, docketed Walsh's Doc. 8 filing as objections to Judge Carlson's report.

area for the summer months.

The first page of Walsh's Doc. 8 filing is devoted to insulting Judge Carlson and this court. Walsh is admonished not to include such scurrilous statements in any further filings with this court as they will be stricken under Fed.R.Civ.P. 12(f) and he will be subject to sanctioning. The remainder of Walsh's Doc. 8 filing will be discussed below.

As set forth in Judge Carlson's report, Walsh is a serial filer of largely unsuccessful cases in which he proceeds *in forma pauperis*. He filed the instant action on August 18, 2016, alleging that the denial of the issuance of a permit for him to protest on Lackawanna County Court property, due to his failure to obtain the required liability insurance, is a violation of his First Amendment rights. (Doc. 1). Walsh named eight defendants ranging from individuals to institutions, including a state court judge and several attorneys. Walsh sought injunctive and declaratory relief, as well as monetary damages of $10,000,000. With his complaint, Walsh filed a motion to proceed *in forma pauperis*, (Doc. 2), which Judge Carlson granted. Thus, Judge Carlson appropriately screened Walsh's complaint pursuant to 28 U.S.C. §1915(e)(2)(B) and correctly found it deficient in many respects. (Doc. 3).

Judge Carlson found that Walsh's complaint failed to state any cognizable claim and recommended that the compliant be dismissed without prejudice and that Walsh be granted leave to amend his complaint. Walsh did

not file any objections.

On September 12, 2016, the court adopted Judge Carlson's report and issued an Order specifically directing Walsh to file an amended complaint as specified in Judge Carlson's report, within 21 days of the date of that Order.[2] (Doc. 5).

On October 21, 2016, Judge Carlson issued another report stating that Walsh had not complied with the court's Order since he failed to amend his complaint with the 21-day period specified by the court. (Doc. 6). Nor did Walsh file a timely request for an extension of time within which to file his amended pleading. As such, Judge Carlson now recommends that the court, in its discretion, dismiss Walsh's case with prejudice. Judge Carlson cites to the Third Circuit's decision in Pruden v. SCI Camp Hill, 252 Fed.Appx. 436, 438 (3d Cir. 2007).[3]

---

[2] The court noted that Walsh filed an addendum to his original complaint to add the City of Scranton as a defendant and to add more alleged violations of his rights under the Fourth and Fourteenth Amendments. (Doc. 4). The court directed that any addendum must be incorporated in an appropriate amended complaint. Also, Walsh was advised that any constitutional claims against municipal defendants must comport with Monell v. Dept. of Soc. Servs., New York City, 436 U.S. 658, 694–95, 98 S.Ct. 2018 (1978). *See* Carswell v. Bor. of Homestead, 381 F.3d 235, 244 (3d Cir. 2004).

[3] In Pruden, however, the Third Circuit specifically pointed out that the district court had "expressly warned Pruden that the failure to amend his complaint would result in dismissal of the action with prejudice." 252 Fed.Appx. at 438. In the instant case, Walsh does not appear to have

(continued...)

Because of plaintiff's *pro se* status the court has reviewed Walsh's Doc. 8 filing to determine if it constitutes objections to Judge Carlson's report or an amended complaint that comports with prior instructions. In this filing, (Doc. 8 at 7), Walsh states:

> Plaintiff is a poor, legally disabled homeless man trying to protest the plight of the Homeless in Lackawanna County Pennsylvania, the way people are treated in the Lackawanna County Family Court, and other issues that are important matters of great public concern under the 1st Amendment to the United States Constitution. As a poor, homeless, disabled person, plaintiffs (sic) status as poor, should be a protected class under the equal protection clause for this case because the actions of defendants, requiring plaintiff to pay over $175 for a permit to protest, requiring me to provide insurance before I can protest, violate my rights under the equal protection clause of the 14th Amendment as there is no way I can afford these requirements and defendants have not provided any alternative means for plaintiff to afford insurance or the permit to peacefully hold a rally or protest.

Walsh suggests that his alleged status as "a poor, legally disabled homeless man" be recognized as a suspect or quasi-suspect class for purposes of the 14th Amendment Equal Protection Clause and that "any government classifications that disadvantage these groups and are challenged on Equal Protection grounds must receive heightened scrutiny from the courts to ensure that the classifications are carefully drawn to achieve important governmental objectives." As such, he states that his

---

³(...continued)
received such an express warning. As such, Walsh will now be expressly warned of the stated consequence if he fails to timely file his amended complaint as instructed.

claims in this case should be analyzed under the strict scrutiny standard and if so, he indicates the court will agree with him and find that the requirement for insurance for his rally "is not needed and is unnecessary" as well as a 14th Amendment violation. (Id. at 8).

Rather than analyze, in the first instance, Walsh's contentions contained in his 18-page filing, which is actually akin to a legal brief complete with case citations and application of the cases to his facts and allegations, the court will allow Walsh one final opportunity to file an amended complaint so that he can raise his claims in a proper pleading which comports with Fed.R.Civ.P. 8 and 10, and with the guidelines detailed in Judge Carlson's August 19, 2016 report. (Doc. 3).

Failure of Walsh to timely file his amended complaint as specified will result in the **dismissal of this case, without further notice, and with prejudice**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: November 9, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1722-01.wpd