**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN WALSH, III** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:16-1722** |
| | | **(Mannion, D.J.)** |
| **v.** | : | **(Carlson, M.J.)** |
| **ROBERT WALACE, ESQ.,** | : | |
| **et al.,** | | |
| | : | |
| **Defendants** | | |

# O R D E R

Pending before the court is the report of United States Magistrate Judge Martin Carlson, (Doc. 37), which recommends that the court grant defendants' motion to dismiss the amended complaint, (Doc. 31), in the instant *pro se* action due to plaintiff John Walsh's failure to timely file his brief in opposition to the motion, his failure to provide the court with his current address, and pursuant to Fed.R.Civ.P. 41(b) for his failure to prosecute his case and comply with the court's rules and orders. Before making his recommendation for dismissal of this case, Judge Carlson analyzes the requisite factors specified in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). No objections to Judge Carlson's report have been filed and the time within which to object has expired.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."

[Fed.R.Civ.P. 72(b)](), advisory committee notes; *see also* [Univac Dental Co. v.](https://) [Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010)]() (citing [Henderson v.](https://) [Carlson, 812 F.2d 874, 878 (3d Cir. 1987)]() (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. [28 U.S.C. §636(b)(1)](); Local Rule 72.31.

The court will adopt Judge Carlson's report. While it appears that Walsh did not receive Judge Carlson's order directing him to respond to defendants' motion and warning him that his failure to comply with the order may result in the motion being deemed unopposed and granted, (Doc. [34](), Doc. [35](), Doc. [36]()), it is Walsh's own fault since he did not notify the court of a change in his address as he knows he was required to do. Additionally, there is no indication that Walsh failed to receive defendants' motion, brief and appendix. (Doc. [31](), Doc. [32](), Doc. [33]()). Nor is there any indication that Walsh failed to receive Judge Carlson's report. However, Walsh, as a prolific filer with this court, is well aware of the Local Rules of this court, including Rule 83.18, which obliged Walsh to advise the court of his new address. Walsh is also well aware of Local Rule 7.6, M.D.Pa., which required him to timely oppose defendants' motion or he would be deemed as not opposing it.

The court has reviewed the recommended grounds for dismissal of the

plaintiff's amended complaint presented by Judge Carlson.[1] Because the court agrees with the sound reasoning that led Judge Carlson to the conclusions in his report and finds no clear error on the face of the record, the court will **ADOPT** the report in its entirety. The defendants' motion to dismiss will be granted and plaintiff's amended complaint will be dismissed.

**IT IS HEREBY ORDERED THAT** the report of Judge Carlson, (Doc. 37), is **ADOPTED**. The defendants' motion to dismiss the amended complaint, (Doc. 31), is **GRANTED**, and plaintiff's amended complaint, (Doc. 13), is **DISMISSED**. The Clerk is directed to **CLOSE** this case.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 11, 2017**

O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2016 ORDERS\16-1722-02.wpd

---

[1]The *Poulis* factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870. As Judge Carlson fully explains in his report, dismissal of Walsh's instant case for failure to prosecute it is "justly merited" based on all of the factors, especially Walsh's willful conduct and the prejudice caused to defendants.